# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MARY DEAL,

        Plaintiff,

v.                                      Case No: 6:14-cv-7-Orl-28KRS

EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY,

        Defendant.

## ORDER

This case is before the Court on the Motion to Remand (Doc. 7) filed by Plaintiff, Mary Deal. Having considered the motion and the response (Doc. 13) filed by Defendant, Evangelical Lutheran Good Samaritan Society ("the Society"), the Court finds that the motion must be denied.

### I. Background

Ms. Deal alleges that she attended a Bingo game at the premises of the Society on August 5, 2011, and that at the Bingo game, "she tripped and fell over a rolled rug on the floor." (Compl., Doc. 2, ¶¶ 4, 6). She brought this personal injury action against the Society in state court. (See id.). The Society removed the case to this Court, (Doc. 1), and Ms. Deal then filed the motion to remand the case to state court, (Doc. 7). In the motion, Ms. Deal argues that the Society has failed to meet its burden to establish that the amount in controversy exceeds $75,000, which is required for this Court to have subject matter

jurisdiction.[1] (Id. at 2; 28 U.S.C. § 1332(a)). The Society responded to the motion, arguing for the first time that a pre-suit demand letter sent by Ms. Deal establishes that the amount in controversy exceeds $75,000. (Doc. 13).

## II. Amount in Controversy

Defendants can generally remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). With some exceptions, a removing defendant must file a notice of removal within thirty days after the defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). This Court has jurisdiction over diverse parties if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).

Ms. Deal did not plead a specific amount of damages in her Complaint, so the Society bears the burden of proving the requisite amount in controversy by a preponderance of the evidence. The Society did not attach evidence supporting its contention that the amount in controversy exceeds $75,000 to its notice of removal; it instead argued only that it is clear from the damages alleged in the Complaint that the

---

[1] For a federal court to have diversity jurisdiction, "the matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs," and be between diverse parties, including "citizens of different states." 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). In its notice of removal, the Society alleged that Ms. Deal is a citizen of the state of Florida and that the Society is a citizen of North Dakota and South Dakota. (Doc. 1 ¶¶ 9-10). Ms. Deal does not contest that the parties are diverse.

amount of controversy is sufficient for federal jurisdiction. (Doc. 1 ¶ 14). In its response to Ms. Deal's motion for remand, however, the Society attached a demand letter from Ms. Deal's counsel that stated that damages in this case would be "worth about $105,000 to in excess of $215,000" and offered to "accept $100,000.00 in exchange for a full release of this personal injury claim." (Doc. 13 at 39-40). The demand letter described Ms. Deal's injuries and stated that she incurred past medical expenses of $13,973.14 and was expected to incur future medical expenses of between $37,500 and $100,000, as well as other damages between $50,000 and $100,000. (Id. at 38-39).

"[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. . . . [T]he district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213-14 (11th Cir. 2007). While Lowery states that the district court can only consider "the limited universe of evidence available when the motion to remand is filed," the Eleventh Circuit has found that evidence attached to an opposition to a motion to remand can be considered in cases removed under 28 U.S.C. § 1446(b)(1). Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 774 (11th Cir. 2010); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."). Notably, however, "the jurisdictional facts that support removal must be judged at the time of the removal." Id. (quotation omitted).

3

Because the demand letter attached to the Society's response was sent before the notice of the removal, this Court will consider the demand letter in determining the amount in controversy.

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party and considered by courts for purposes of determining whether diversity jurisdiction exists. See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc., 268 F. App'x 864, 866 (11th Cir. 2008); see also Fischer v. State Farm Mut. Auto. Ins. Co., No. 10-14124-CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Some courts have found demand letters to be "'legally certain evidence'" that the amount in controversy meets federal jurisdictional requirements. Bowen v. State Farm Mut. Auto. Ins. Co., No. 6:10-cv-144-Orl-19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting Lazo v. U.S. Airways, Inc., No. 08-80391-CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)). Courts, however, must assess whether demand letters are mere "'puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quoting Jackson v. Select Portfolio Servicing, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The demand letter in this case does not appear to constitute posturing. Ms. Deal's counsel specified injuries to her back, knees, hips, ribs, and extremities. (Doc. 13 at 38). Regarding past medical expenses, Ms. Deal's counsel itemized a list of bills that Ms. Deal has incurred. (Id.). In estimating future medical expenses, the demand letter projected a future annual cost of her injuries between $1000 and $2500, as well as the cost of her potential overall diminishment of her health, which may require extra care. (Id. at 39).

Finally, in discussing other damages Ms. Deal may be entitled to, her counsel relied on his "13 plus years of civil litigation experience" in estimating a pain and suffering award. (Id.). This demand letter provided specific information regarding Ms. Deal's claim for damages and was not mere posturing.[2]

### III. Conclusion

The Society has proved by a preponderance of the evidence that the amount in controversy exceeds the threshold for federal diversity jurisdiction. Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that Ms. Deal's Motion to Remand (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 25, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] Ms. Deal argues that the "written pre-suit demand was sent for the purposes of settlement and protected against any disclosure of its content." (Doc. 7 at 3). Ms. Deal provides no authority for this assertion, however, and the caselaw cited herein indicates that demand letters and settlement offers can be used as evidence of the amount in controversy for jurisdictional purposes.